UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SELWYN D.J. VOS,

          Plaintiff,

    v.

LINDA GIGLIOTTI, PROPERTY I.D. CORPORATION aka PROPERTY I.D. CORPORATION OF NORTHERN CALIFORNIA, et al.,

          Defendants.

NO. CIV. S-10-1073 LKK/DAD

O R D E R

Plaintiff brings suit regarding purchase of a forty-acre property in El Dorado County, California. Plaintiff's claims center on the allegation that defendants warranted "that the property was not within an earthquake zone and was free of environmental hazards," but that the property "was on an earthquake fault line and was riddled with substantial quantities of [a]sbestos." Compl., 2:7-12. Based on this allegation, plaintiff claims that defendants, all of whom are private parties, violated plaintiff's rights under the Due Process Clause of the Fourteenth

1

Amendment. Plaintiff also brings nine state law claims.

Defendant Property I.D. Corporation, the only defendant to have stated an appearance in this case, moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The court concludes that oral argument is not necessary in this matter and resolves the motion on the papers. E.D. Cal. L.R. 230(g). For the reasons stated below, plaintiff has failed to state a claim under the Fourteenth Amendment's Due Process Clause and the remaining claims do not provide a basis for subject matter jurisdiction.

## I. Standards

**A.  Standard for a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). Where, as here, a Fed. R. Civ. P. 12(b)(1) motion to dismiss argues that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994), Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal Practice - Civil § 12.30 (2009). The factual allegations of the complaint are presumed to be true and

the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.   Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory

factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Discussion

In general, courts must address jurisdictional issues before addressing the merits. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). In this case, the complaint invokes both federal question and diversity jurisdiction, although plaintiff has since conceded that diversity jurisdiction is absent. Under 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Courts use

4

the "well-pleaded complaint" rule to determine whether a suit "arises under" federal law for purposes of § 1331.  See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).  Under this rule, "'[a] right or immunity created by [federal law] must be an element, and an essential one, of the plaintiff's cause of action.'"  Id. at 10-11 (quoting Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936)).  Thus, a cause of action provides a basis for federal jurisdiction either where the cause of action itself is provided by federal law or where it is "a state-law claim [that] necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 314 (2005).

In this suit, plaintiff's first claim alleges solely that defendants have violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by depriving him of property and by threatening to deprive him of life without due process.  This claim obviously arises under federal law.  Just as obviously, this claim fails on the merits. The Fourteenth Amendment regulates state conduct. U.S. Const., Amdt. 14, § 1 ("No *State* shall . . . deprive any person of life, liberty, or property, without due process of law . . . .") (emphasis added), Nat'l Collegiate Ath. Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988).  All of the defendants in this suit are

private parties, and plaintiff has not alleged any connection to state action. This issue was conspicuously argued in defendant's motion to dismiss, and plaintiff declined to offer a response. Instead, plaintiff's opposition appears to abandon all due process allegations.

None of the remaining claims implicate questions of federal law.[1] The complaint argues that federal questions exist because the land at issue includes both asbestos and Native American archeological sites, both of which are federally regulated. As to asbestos, plaintiff observes that asbestos is or has been regulated, in various ways, by the Clean Air Act, the Toxic Substances Control Act, and the Occupational Safety and Health Act. Discussion of the particulars of these statutes is unnecessary, because plaintiff has not alleged a violation of any provision of any of these statutes, nor do any of plaintiff's claims demonstrate any connection thereto.[2] Again, this issue was raised in defendant's motion, yet plaintiff declined to respond.

Federal regulation of Native American archeological sites lends no further support to plaintiff. Plaintiff's complaint

---

[1] These claims are for negligence, fraud, reformation of contract, cancellation of contract, injunctive relief, reformation of title, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of contract.

[2] Plaintiff's wholly unadorned allegation that "A substantial part of Plaintiffs [sic] damages as stated in this Complaint are a direct and proximate result of actions by defendants which amount to violations of federal law regulating Asbestos" is a conclusory statement the court need not accept as true. Iqbal, 129 S. Ct. at 1949-50.

asserts that "[t]he Bureau of Reclamation . . . has exclusive jurisdiction over Native American Archaeological Sites in the Western states," and that this provides a basis for federal question jurisdiction. Plaintiff's opposition further argues that such sites are federally regulated under the National Historic Preservation Act and the Archaeological Resource Protection Act, although plaintiff acknowledges that the complaint itself does not discuss this. Again, without examining these statutes and federal authority, it is clear that the federal government's "jurisdiction" to regulate such *sites* does not itself demonstrate this court's jurisdiction over this *case*. Jurisdiction under § 1331 requires that a federal law provide an essential element of plaintiff's claim. Franchise Tax Bd., 463 U.S. at 10-11. Plaintiff has not explained how any of his claims necessarily raise a disputed and substantial issue regarding federal regulation of such sites. Grable, 545 U.S. at 314. More generally, plaintiff is reminded that "arising under" jurisdiction over state law causes of action is the exception rather than the rule.

Accordingly, the only claim arising under federal law is the due process clause claim. Because the court dismisses this claim, the court declines to retain supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

### III. Conclusion

For the reasons stated above, defendant Property I.D.

1  Corporation's motion to dismiss (Dkt. No. 11) is GRANTED.
2  Plaintiff's due process claim is DISMISSED for failure to state a
3  claim.  Plaintiff's remaining claims are DISMISSED for lack of
4  subject matter jurisdiction.  The clerk of the court is directed
5  to CLOSE this case.
6      IT IS SO ORDERED.
7      DATED: July 2, 2010.

```
                                    /s/ Lawrence K. Karlton
                                  _____
                                  LAWRENCE K. KARLTON
                                  SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT
```